1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TONY CAMPBELL,

11              Plaintiff,                No. CIV S-05-0452 LKK DAD P

12       vs.

13   E. BORBA,

14              Defendant.                <u>ORDER</u>

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Plaintiff's application to proceed in forma pauperis will therefore be granted.

22              Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  <u>See</u>

23   28 U.S.C. §§ 1914(a), 1915(b)(1).[1]  Plaintiff has been without funds for six months and is

24   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  <u>See</u> 28

25   _____

26   [1] Plaintiff is informed that the filing fee increased from $150.00 to $250.00 effective
     February 7, 2005.

1

1  U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

2  preceding month's income credited to plaintiff's prison trust account.  These payments shall be

3  collected and forwarded by the appropriate agency to the Clerk of the Court each time the

4  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

5  § 1915(b)(2).

6          The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

8  § 1915A(a).  The court must dismiss claims that are legally frivolous or malicious, that fail to

9  state a claim upon which relief may be granted, or that seek monetary relief from a defendant

10 who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17 Cir. 1989); Franklin, 745 F.2d at 1227.

18         A claim should be dismissed for failure to state a claim upon which relief may be

19 granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim

20 that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v.

21 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

22 complaint under this standard, the court accepts as true the allegations of the complaint.  Hospital

23 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes the

24 pleading in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor.

25 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26 /////

2

1    The Civil Rights Act under which this action was filed provides as follows:

2    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
3    deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
4    law, suit in equity, or other proper proceeding for redress.

5    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6    actions of the defendant and the deprivation alleged to have been suffered by plaintiff.  See

7    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9    meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

10   omits to perform an act which he is legally required to do that causes the deprivation of which

11   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12          In the present case, plaintiff seeks compensatory damages of ninety seven million

13   dollars from E. Borba, a correctional officer at California State Prison, Sacramento.  Plaintiff

14   offers the following statement of his claim:

15          On 1-31-05 I was issued a investigative employee's report and the
            report is sapose [sic] to be issued 24 hours befor [sic] the rules
16          violation report hearing and it wasent [sic] and this violated my
            due process becase I had a right to recive [sic] my report within
17          this time constraint and I was deprived of this.  Defendant Borba
            new [sic] of the time constraint and when the report was sapose
18          [sic] to be issued and he new [sic] also that this is withen [sic] the
            California Code of Regulations CCR 3318 and defendant also new
19          [sic] because he signed the investigative employee's report
            Plaintiff seeks money damages due to the depriveation [sic] of
20          plaintiff that defendant's subjected plaintiff two [sic] under the
            fouthteenth [sic] amandant [sic]
21

22   (Compl. at 3 & Attach.)

23          The state regulation cited by plaintiff governs assistance to inmates charged with

24   serious rule violations.  An investigative employee is required to interview the charged inmate,

25   gather information, question all staff and inmates who may have relevant information, screen

26   prospective witnesses, and submit a written report to the hearing officer or disciplinary

3

1    committee chairperson.  Cal. Code Regs. tit. 15, § 3318(a) (West 2004).  The regulation provides

2    that "[a] copy of the investigative employee's report shall be provided to the inmate no less than

3    24 hours before a disciplinary hearing is held."  Cal. Code Regs. tit. 15, § 3318(b) (West 2004).

4            Plaintiff alleges that he received a copy of defendant Borba's report on January

5    31, 2005.  He does not state when the disciplinary hearing was held.  The court is therefore

6    unable to determine whether the report was provided less than 24 hours before the hearing, in

7    violation of § 3318(b).  Nor does plaintiff allege any facts concerning the outcome of the hearing,

8    the punishment imposed, or the results of his appeal.  The court is therefore unable to determine

9    whether plaintiff's due process claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994).[2]

10           Inmates retain certain due process rights in prison disciplinary proceedings.  Wolff

11   v. McDonnell, 418 U.S. 539, 563-71 (1974).  However, state laws and regulations that contain

12   merely procedural requirements, even if mandatory, do not give rise to a constitutionally

13   cognizable liberty interest.  Toussaint v. McCarthy, 801 F.2d 1080, 1098 (9th Cir. 1987).  State

14   regulations give rise to a liberty interest protected by the Due Process Clause of the federal

15   constitution only where the regulations pertain to freedom from restraint that "imposes atypical

16   and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin

17   v. Conner, 515 U.S. 472, 484 (1995).

18           In the present case, plaintiff alleges a violation of a mere procedural requirement.

19   He has not alleged facts showing that he was unable to prepare for his hearing or that he suffered

20   any harm to his ability to defend against the disciplinary charge.  The undersigned finds that

21   plaintiff has failed to allege facts demonstrating that he was deprived of any process due under

22   /////

23

24           [2]  The court notes plaintiff's allegations that he filed a grievance concerning the alleged
     due process violation and that he completed the grievance process.  The court finds it remarkable
     that plaintiff filed a grievance on January 31, 2005, and proceeded to the highest level of appeal

25   available before signing his complaint on February 16, 2005.  See McKinney v. Carey, 311 F.3d
     1198 (9th Cir.2002) (Holding that the court "must dismiss an action involving prison conditions

26   when the plaintiff did not exhaust his administrative remedies prior to filing suit . . . .")

1  the Fourteenth Amendment.  Plaintiff's complaint therefore fails to state a constitutional claim

2  and must be dismissed.

3          While it does not appear that plaintiff can cure the defects of the complaint, he

4  will be granted an opportunity to submit an amended complaint that cures the defects noted in

5  this order.  If plaintiff submits an amended complaint that does not cure the defects of his

6  complaint, the undersigned will recommend that this action be dismissed for failure to state a

7  claim upon which relief may be granted.

8          Plaintiff is informed that every amended complaint must be complete in itself as if

9  it were the first pleading filed in the case.  See Local Rule 15-220.  The court may not refer to a

10  prior pleading in order to make an amended complaint complete.  Plaintiff's amended complaint

11  will supersede his original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

12          Accordingly, IT IS HEREBY ORDERED that:

13          1.  Plaintiff's March 7, 2005 application to proceed in forma pauperis is granted;

14          2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

15  The fee shall be collected and paid in accordance with this court's order to the Director of the

16  California Department of Corrections filed concurrently herewith; and

17          3.  Plaintiff's complaint is dismissed with leave to file an amended complaint

18  within thirty days from the date of this order; the amended complaint must bear the case number

19  assigned to this case and must be labeled "Amended Complaint"; plaintiff's failure to file an

20  amended complaint will result in a recommendation that this action be dismissed for failure to

21  state a claim upon which relief may be granted.

22  DATED: April 19, 2005.

23

24  _____
    DALE A. DROZD
25  DAD:13                          UNITED STATES MAGISTRATE JUDGE
    camp0452.14a
26

5