IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY CAMPBELL,

        Plaintiff,                      No. CIV S-05-0452 LKK DAD P

   vs.

E. BORBA,

        Defendant.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action. By order filed April 20, 2005, plaintiff's complaint was dismissed with leave to amend. Plaintiff has filed an amended complaint.

        The court is required to screen all complaints brought by prisoners seeking relief against employees of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint. Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court also construes the pleading in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In the present case, plaintiff's amended complaint has not been submitted on a complaint form. Although the caption identifies E. Borba as defendant, the amended complaint contains no information about the defendant's place of employment. The amended complaint

does not include a prayer for relief and is neither verified nor signed under penalty of perjury. Plaintiff's two-page pleading presents the following allegations:

> Plaintiff contend's [sic] on 1-31-05 plaintiff's investigative report was issued to plaintiff. Plaintiff contends his hearing was on 2-17-05. Plaintiff contends this report is sapose [sic] to be issued 24 hour's [sic] befor [sic] a hearing. This report was not issued 24 hours befor [sic] the hearing. Plaintiff contend's [sic] that Defendant E. Borba new [sic] the report is sapose [sic] to be issued 24 hour's [sic] befor [sic] the hearing and also new [sic] the process of the investigative employee and new [sic] that plaintiff had a right to recive [sic] his report withen [sic] this time constraint and plaintiff was deprived of this. Plaintiff contends he did seek the highest level on his appeal. He is filing his appeal with the court and to also show the civil right of due process was violated and is fileing [sic] a second exhibit to show the summary of disciplinary procedures and inmate right's [sic] for the revwie [sic] due to his case. Plaintiff contend's [sic] that he was unable to prepare for his hearing because the personel [sic] that was sapose [sic] to be at the hearing wasent [sic] and there were no questions that could be asked to defend against the charge. It was a long wait for the hearing and the personel [sic] named J Scogin did not show up at the hearing. He was interviewed by E Borba and got his statement. Plaintiff also contend's [sic] he was found guilty and was assessed 30 day's [sic] loss of credit under a Division F offense. Plaintiff filed a appeal on this matter and seeked [sic] the highet [sic] level and it was granted.

(Compl. at 1-2.)

Attached to plaintiff's amended complaint is an exhibit cover page describing the intended exhibit as an "Appeal 602" and indicating that the exhibit consists of six pages. The exhibit submitted by plaintiff consists of only three pages. The first two pages are copies of the front and back pages of a CDC 602 inmate appeal, Log No. 05-00039, submitted by plaintiff on November 28, 2004. The third page is the second level decision denying appeal No. 05-00039 on February 8, 2005. Appeal No. 05-00039 concerns a disciplinary charge that was issued on October 26, 2004, and heard on November 24, 2004. The exhibit does not address the February 17, 2005 hearing described in plaintiff's amended complaint.

Inmates are guaranteed certain due process rights in prison disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974). State regulations give rise to a

3

liberty interest protected by the Due Process Clause of the federal constitution only where the regulations pertain to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). State laws and regulations that contain merely procedural requirements, even if mandatory, do not give rise to a constitutionally cognizable liberty interest. Toussaint v. McCarthy, 801 F.2d 1080, 1098 (9th Cir. 1987).

In California, state regulations govern prison disciplinary proceedings. When an investigative employee is assigned to assist in such a proceeding, the employee is required to interview the charged inmate, gather information, question all staff and inmates who may have relevant information, screen prospective witnesses, and submit a written report to the hearing officer or disciplinary committee chairperson. Cal. Code Regs. tit. 15, § 3318(a) (West 2004). Pursuant to the applicable regulation, "[a] copy of the investigative employee's report shall be provided to the inmate **no less than 24 hours before a disciplinary hearing is held**." Cal. Code Regs. tit. 15, § 3318(b) (West 2004) (emphasis added).

In this case, plaintiff alleges that he received a copy of the investigative report on January 31, 2005 and that his disciplinary hearing was held on February 17, 2005. It is evident from plaintiff's allegations that the investigative report was provided "no less than 24 hours before" the disciplinary hearing, as required by § 3318(b), and that plaintiff had more than sixteen full days to prepare for his hearing. The facts alleged by plaintiff demonstrate that the investigative report was issued in a timely manner under state law.

Although plaintiff asserts for the first time in his amended complaint that he was unable to prepare for the February 17, 2005 hearing "because the personel [sic] that was sapose [sic] to be at the hearing wasent [sic]," he has not alleged facts showing that defendant Borba, who is the only defendant in this action, was responsible for the absence of J. Scogin from the disciplinary hearing. Moreover, plaintiff alleges that J. Scogin provided a statement that was included in the investigative report received by plaintiff more than two weeks before the hearing.

4

Plaintiff has not shown that he was entitled to have J. Scogin present at the hearing as a witness in his defense. Nor has he shown that the hearing would have had a different outcome if J. Scogin had been present. Finally, plaintiff complains that "[i]t was a long wait for the hearing," but he has not shown that the "long wait" violated state law or deprived him of a right protected by the Due Process Clause.

The court finds that plaintiff's amended complaint, like his original complaint, fails to allege facts demonstrating the deprivation of any process due under the Fourteenth Amendment. The amended complaint fails to state a constitutional claim and is legally frivolous. Plaintiff has demonstrated that he is unable to cure the defects of his pleading.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed on the grounds that plaintiff's claims are legally frivolous and fail to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file any written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 25, 2005.

/s/ Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
camp0452.56

5